**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 47885**

| | | |
|---|---|---|
| In the Matter of:  John Doe II and John Doe III, Children Under Eighteen (18) Years of Age. | ) ) ) | |
| JOHN DOE I, | ) ) | **Filed:  July 2, 2020** |
| Petitioner-Respondent, | ) ) | **Melanie Gagnepain, Clerk** |
| v. | ) ) | |
| JANE DOE (2020-14), | ) ) | |
| Respondent-Appellant. | ) ) | |

Appeal from the Magistrate Division of the District Court of the Third Judicial District, State of Idaho, Gem County.  Hon. Tyler D. Smith, Magistrate.

Judgment terminating parental rights, vacated.

Theresa A. Martin, Emmett, for appellant.

John Prior, Meridian, for respondent.

_____

GRATTON, Judge

Jane Doe (Doe) appeals from the judgment terminating her parental rights to her minor children.  Doe argues that the magistrate court:  (1) did not have jurisdiction to enter an order terminating her parental rights; and (2) erred by entering a default judgment against her in a parental termination proceeding.  For the reasons set forth below, we vacate the judgment.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

This case arose in October of 2019 when Jane Doe's ex-husband (John Doe) filed a petition in Gem County, pursuant to Idaho Code § 16-2003, to terminate Doe's parental rights to her two minor children.  An affidavit of service, which indicated that Doe was served on October 24, 2019, was filed with Gem County on February 20, 2020.  Doe did not file an answer to the

1

petition. On March 3, 2020, the minor children entered foster care in Ada County after being declared in imminent danger by law enforcement while in John Doe's care.

On March 4, 2020, the Gem County magistrate court held a default hearing on John Doe's petition for termination. Neither Doe nor John Doe was present. However, John Doe's attorney was present and, according to his attorney's representation, John Doe was present outside of the courtroom. John Doe did not present any testimony, did not offer any evidence, and did not inform the court of the children's status in Ada County. On March 5, 2020, an Ada County magistrate court found jurisdiction over the children under the Child Protective Act and placed them in the temporary legal custody of the Department of Health and Welfare.

On March 6, 2020, the Gem County magistrate court enter an order for default against Doe. On March 18, 2020, the Gem County magistrate court entered its findings of fact and conclusions of law and a judgment terminating the parent-child relationship between Doe and her two minor children. A final judgment was entered on March 20, 2020. Doe timely appeals.

## II.

## ANALYSIS

First, Doe argues that the Gem County magistrate court did not have jurisdiction to terminate her parental rights. Specifically, she claims that the Gem County magistrate court did not have jurisdiction when it entered the order terminating Doe's parental rights because Ada County had already retained exclusive jurisdiction over the children under the Child Protective Act. Second, Doe argues that the Gem County magistrate court erred by entering a default against her in a termination proceeding. We must first address Doe's jurisdictional argument.

Title 16, Chapter 20 of the Idaho Code, which is entitled "Termination of Parent and Child Relationship," sets forth the jurisdictional requirements for a court terminating a parent-child relationship as follows:

> The court shall have exclusive original jurisdiction, other than as provided in title 32, Idaho Code, to hear petitions to terminate the parent and child relationship when the child is present in the state. When a court has jurisdiction over the child under the child protective act, chapter 16, title 16, Idaho Code, that court shall have exclusive jurisdiction of the action to terminate parental rights

unless it consents to a different venue or jurisdiction in the best interests of the child.[1]

I.C. § 16-2003.

We conclude that the Gem County magistrate court did not have jurisdiction to enter a judgment terminating Doe's parental rights. Initially, Gem County obtained jurisdiction over the termination on October 16, 2019, when John Doe filed his petition to terminate Doe's parental rights under I.C. § 16-2003.[2] However, the Gem County proceeding was not final because neither a final judgment nor a remittitur from this Court were entered prior to Ada County obtaining jurisdiction of the children under Title 16, Chapter 16 (the Child Protective Act (CPA)). When the Ada County magistrate court found jurisdiction of the children under the CPA, upon doing so "that court [had] exclusive jurisdiction . . . to terminate parental rights." I.C. § 16-2003. Thus, Gem County no longer had jurisdiction to terminate Doe's parental rights. Under the unique facts of this case, even though John Doe's termination petition was pending in Gem County, initiation of the CPA matter in Ada County brought the children within its jurisdiction and, pursuant to I.C. § 16-2003, the Ada County court had exclusive jurisdiction to terminate parental rights. In addition, it must be noted that there was no argument or evidence presented to show that the Ada County magistrate court consented to a different venue or jurisdiction. Accordingly, we conclude that the Gem County magistrate court did not have jurisdiction to terminate Doe's parental rights. Because we conclude that Gem County lacked jurisdiction to terminate Doe's rights, we need not consider Doe's alternate arguments.

---

[1] In her appellate brief, Doe referenced Idaho Code §§ 16-1603 and 16-1604 in arguing that the Gem County magistrate court lacked jurisdiction. However, I.C. § 16-2003 controls the question of jurisdiction in this case.

[2] Idaho Code § 16-2004 sets forth who can petition for termination as follows:
A petition may be filed by:
a.  Either parent when termination is sought with respect to the other parent.
b.  The guardian of the person or the legal custodian of the child or person standing in loco parentis to the child.
c.  An authorized agency.
d.  Any other person possessing a legitimate interest in the matter.

3

### III.
### CONCLUSION

The magistrate court in Gem County did not have jurisdiction to terminate Doe's parental rights. Therefore, the magistrate court's judgment terminating Doe's parental rights is vacated.

Chief Judge HUSKEY and Judge BRAILSFORD **CONCUR**.